IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY VERSETTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 15 CV 06314 |
| ) | |
| AKAL SECURITY, INC., ) | |
| LORETTA LYNCH, United States ) | |
| Attorney General, ) | |
| and UNITED STATES MARSHALS ) | |
| SERVICE, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT**

NOW COMES, Plaintiff, MARY VERSETTO, by and through her attorney, SETH R. HALPERN, of MALKINSON & HALPERN, P.C, and complains of Defendants, AKAL SECURITY, INC., a foreign corporation, LORETTA LYNCH, United States Attorney General, and UNITED STATES MARSHALS SERVICE (collectively referred to as "USMS"), as follows:

**COMMON ALLEGATIONS**

1. Plaintiff, MARY VERSETTO (hereinafter "Plaintiff"), is a female citizen of the State of Illinois and a resident of the County of Cook, City of Chicago.

2. Defendant, AKAL SECURITY, INC. ("AKAL" or "Defendant"), is a foreign Corporation, registered and doing business in Chicago, Illinois, as a security subcontractor. Defendant, at all times relevant herein, was an employer within the meaning of 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(f).

1

3.  Defendant, UNITED STATES MARSHALS SERVICE, is an agency of the United States Department of Justice under the purview of Defendant, LORETTA LYNCH, United States Attorney General, and for purposes of plaintiff's claim and at all times relevant herein, each was an employer within the meaning of 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(f) and pursuant to the Rehabilitation Act of 1973, 29 U.S.C. 791 *et seq*.

4.  This Court has jurisdiction of this case pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq*. (hereinafter the "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. 791 *et seq*., and Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.*

5.  This action properly lies in this district pursuant to 28 U.S.C. 1391 because the claim arose in this judicial district.

6.  Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on disability and gender with the EEOC on March 28, 2014, against AKAL. A copy of the Charge is attached hereto as Exhibit A.

7.  On or about April 27, 2015, the EEOC issued a Notice of Right to Sue which was received by Plaintiff through her counsel on April 30, 2015. A copy of the Notice of Right to Sue is attached hereto as Exhibit B.

8.  Plaintiff has further complied with all administrative prerequisites by filing a timely EEO Charge of Discrimination based upon disability against the USMS. On March 15, 2016, the Complaint Adjudication Office for the U.S. Department of Justice issued a Final Agency Decision in favor of Plaintiff and against the USMS, which provides for the filing of the instant action against USMS within 90 days of receipt of said Final Agency Decision. Said decision is attached hereto as Exhibit C.

9.  This action is brought within ninety days of receipt of the Notice of Right to Sue letter and within 90 days of receipt of the Final Agency Decision against the USMS.

## FACTS COMMON TO ALL COUNTS

10. In early 2011, Defendant, AKAL, a court security subcontractor for the USMS, hired Plaintiff as a USMS Court Security Officer ("CSO") assigned to the Dirksen Federal Court building, 219 South Dearborn, Chicago, Illinois. At all times, Plaintiff performed her job in a satisfactory manner.

11. In late 2010, Plaintiff underwent a physical exam required as part of the USMS hiring process for her hire and placement as a CSO in a federal facility. During this physical exam it was discovered that Plaintiff had permanent, complete hearing loss in her left ear since childhood. As a condition to pass the physical exam and as a condition of hire, USMS required that the Plaintiff obtain an appropriate hearing aid, which she did. She thereafter passed her hearing test with the new hearing aid and was subsequently hired. The hearing aid prescribed for Plaintiff's condition was a two-piece hearing aid, where the aid in the affected ear transmitted real time signal (sound) to the receiver aid in the non-affected ear.

12. In early 2010, the U.S. Marshals Service amended its contract with AKAL and adopted new hearing standards for security personnel. Those standards specifically state that Court Security Officers were no longer required to pass hearing exams *unaided* and further stated that complete loss of hearing in one ear is no longer an automatic disqualifying factor.

13. Complainant met all hearing requirements and passed all hearing tests with the use of her hearing aid at the time of her hire and subsequently in 2011 and 2012, continuing her employment as a CSO without incident.

14. However, on or about January 8, 2014, despite being able to pass her hearing test with her hearing aid engaged, and despite having no impairment when wearing her hearing aid, USMS medically disqualified the Plaintiff from performing the essential functions of a CSO due to her hearing loss and, consequently, Plaintiff was terminated by AKAL as an employee due to her single ear hearing loss disability.

15. Prior to her termination, in 2013, Plaintiff was forced by USMS (Judicial Security Division) to take her annual hearing test while occluding one ear, which knowingly renders her two-piece hearing aid ineffective. This method of testing Plaintiff's hearing was different than the method used for her tests during the prior three exams. However, the hearing levels required to pass the USMS physical were not changed. Nevertheless, because she was required to artificially occlude one ear during testing, Plaintiff did not pass her 2013 hearing test.

16. Following Plaintiff's failure under the new testing protocol, on or about September 12, 2013, Wynette Moneka, M.A., the audiologist who tested Plaintiff, had a telephone conversation with the USMS through the medical officer, Dr. Goldhagen, explaining the operation of the two-piece CROS-style hearing aid insofar as it transmits signals from the deficient ear to the fully functional ear. Ms. Moneka further explained that utilizing USMS's new protocol would require occluding each ear, rendering the hearing aid inoperable, defeating the purpose of testing the complainant "aided", as required by Federal guidelines.

17. Ms. Moneka then followed with a letter to USMS in which she explained that complainant "would not miss any sounds coming from the poorer side" and passed all criteria with her hearing aids engaged.

18. Ms. Moneka once again contacted Dr. Goldhagen, in an attempt to seek a reasonable accommodation for Plaintiff. Plaintiff, herself, also spoke to Dr. Goldhagen in an

4

attempt to explain that she was not hearing handicapped. Ms. Moneka, in her prior letter, stated that she had "professional objection" to the actions of USMS regarding Plaintiff and that Plaintiff is not hearing handicapped unless USMS creates an <u>artificial situation</u> to give her a complete hearing loss. Nevertheless, Dr. Goldhagen and USMS refused to budge, did not entertain any discussion of reasonable accommodation in testing, and simply required that Plaintiff be removed from full duty status.

19. In a letter forwarded to USMS and dated December 4, 2013, Ms. Moneka tried one more time to secure a reasonable accommodation for Plaintiff. In her letter, she noted that the new testing protocol does not allow Ms. Versetto and others like her to truly undergo an "aided evaluation" as required.

20. In February 2014, by and through her attorney, Plaintiff once again requested a reasonable accommodation of USMS and AKAL, whereby she would re-take the hearing test, with her hearing aid engaged, but without occluding individual ears.

21. Shortly thereafter, Plaintiff even underwent testing with her hearing aid engaged on her own and at her own expense, passing the hearing criteria for a CSO and providing the results to USMS.

22. Astonishingly, each and every one of the overtures made by Plaintiff or on her behalf, were completely ignored and discounted. Neither the USMS nor AKAL even so much as entertained the possibility of creating or allowing testing which would permit Plaintiff's hearing aid to function properly. No attempt was made to engage in the "interactive process" to determine what accommodation could be made for Plaintiff.

23. The actions of the USMS and AKAL show that defendants acted with discriminatory intent toward Plaintiff and, at a minimum, acted with deliberate indifference

toward the strong likelihood that continuing to bar Plaintiff from working as a CSO with her hearing aid engaged and continuing to require that she take her hearing test without allowing her hearing aid to function, would violate her federally protected rights under the ADA.

24. Several other similarly situated male hearing impaired CSO's who did not wear the same style hearing aids as Plaintiff were permitted to utilize their one-piece hearing aids during annual physical examinations and were allowed to pass said examinations using said hearing aids and continue their employment with Defendant.

## COUNT I
### ADA-Failure to Accommodate - AKAL

1-24. Plaintiff repeats and re-alleges paragraphs 1-24, above, as paragraphs 1-24 of Count I, as though fully re-written, herein.

25. Beginning in April of 2013 and continuing, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, *et seq*., Defendant failed to provide Plaintiff her requested reasonable accommodation for her known, particular, disability: single ear hearing impairment/loss.

26. In ignoring Plaintiff's requests for a reasonable accommodation, Defendant maliciously and/or recklessly and/or with deliberate indifference, violated the ADA.

27. Plaintiff has been damaged by Defendant's violation of the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff, MARY VERSETTO, respectfully prays that this Court enter an Order:

6

(a) Declaring the conduct of Defendant, AKAL SECURITY, INC. and its agents/employees, as described herein, is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq*. and requiring Defendant to reinstate the plaintiff to her former position as CSO with full seniority;

(b) Awarding Plaintiff all backpay and salaries, with interest, she lost and continues to lose as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory and punitive damages;

(d) Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 12205; and

(e) Awarding Plaintiff any other and further relief as this Court deems just and proper.

## COUNT II
## ADA-Wrongful Discharge-AKAL

1-24. Plaintiff repeats and re-alleges paragraphs 1-24 of the Complaint as paragraphs 1-24 of Count II, as though fully re-written, herein.

25. On January 8, 2014, Defendant terminated Plaintiff's employment because of her actual or perceived disability, single ear hearing impairment/loss, even though Plaintiff was qualified and capable of performing all essential duties and functions of a CSO, while wearing her two-piece hearing aid, and despite her disability.

26. Plaintiff was discriminated against by Defendants due to her disability and/or due to Defendants' perception of Plaintiff's disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12201, *et seq.*.

27. In deciding to terminate Plaintiff's employment, Defendant maliciously and/or recklessly and/or with deliberate indifference violated the ADA.

28. Plaintiff has been damaged by Defendants' violation of the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of

employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff, MARY VERSETTO, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendant, AKAL SECURITY, INC., and its agents/employees, as described herein, is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq*. and requiring Defendant to reinstate the plaintiff to her former position as CSO with full seniority;

(b) Awarding Plaintiff all backpay and salaries, with interest, she lost and continues to lose as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory and punitive damages;

(d) Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 12205; and

(e) Awarding Plaintiff any other and further relief as this Court deems just and proper.

## COUNT III
### Title VII-Gender Discrimination-AKAL

1-24. Plaintiff repeats and re-alleges paragraphs 1-24 of the Complaint as paragraphs 1-24 of Count III, as though fully re-written, herein.

25. Defendant allowed multiple similarly situated male CSO's who use hearing aids to take their hearing tests with their hearing aids engaged, while Plaintiff, a female, was forced to take her hearing test unaided.

26. Defendant discriminated against Plaintiff on the basis of her gender, including her termination.

27. The foregoing adverse employment actions taken on the basis of Plaintiff's gender constitute impermissible employment practices in violation of Title VII.

8

28. As a result of Defendant's willful, malicious and unlawful employment practices described herein, Plaintiff experienced, and since January 8, 2014, continues to experience, lost wages and benefits and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

29. By reason of Defendant's unlawful employment practices, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

WHEREFORE, Plaintiff, MARY VERSETTO, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of the Defendant, AKAL SECURITY, INC, and its employees and agents, as described herein, is in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.* and requiring Defendant to reinstate the plaintiff to her former position as CSO with full seniority;

(b) Awarding Plaintiff the lost wages and benefits, with interest, front pay and future pecuniary losses she suffered as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding Plaintiff punitive damages;

(e) Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. 2000-5(k); and

(f) Awarding Plaintiff any other and further relief as this Court deems just and proper.

## COUNT IV
## ADA-Failure to Accommodate – USMS

1-24. Plaintiff repeats and re-alleges paragraphs 1-24, above, as paragraphs 1-24 of Count IV, as though fully re-written, herein.

25. Beginning in April of 2013 and continuing, in violation of the Rehabilitation Act of 1973 ("RHA"), 29 U.S.C. 791 *et seq*. and the Americans with Disabilities Act ("ADA"), 42

9

U.S.C. § 12201, *et seq*., Defendants, USMS, failed to provide Plaintiff her requested reasonable accommodation for her known, particular, disability: single ear hearing impairment/loss.

26. In ignoring Plaintiff's requests for a reasonable accommodation, Defendant maliciously and/or recklessly and/or with deliberate indifference violated the RHA and/or the ADA.

27. Plaintiff has been damaged by Defendant's violation of the RHA and the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff, MARY VERSETTO, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendants, LORETTA LYNCH , United States Attorney General, and/or UNITED STATES MARSHALS SERVICE and its/their agents/employees, as described herein, is/are in violation of the Rehabilitation Act of 1974, 29 U.S.C. 791 *et seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq*. and requiring Defendants to reinstate the plaintiff to her former position as CSO with full seniority;

(b) Awarding Plaintiff all backpay and salaries, with interest, she lost and continues to lose as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. 794a, and/or 42 U.S.C. §12205; and

(e) Awarding Plaintiff any other and further relief as this Court deems just and proper.

## COUNT V
## ADA-Wrongful Discharge-USMS

1-24. Plaintiff repeats and re-alleges paragraphs 1-24 of the Complaint as paragraphs 1-24 of Count V, as though fully re-written, herein.

10

25. On January 8, 2014, Defendants caused termination of Plaintiff's employment because of her actual or perceived disability, single ear hearing impairment/loss, by declaring her physically unfit to perform her duties, even though Plaintiff was qualified and capable of performing all essential duties and functions of a CSO, while wearing her two-piece hearing aid, and despite her disability.

26. Plaintiff was discriminated against by Defendants due to her disability and/or due to Defendants' perception of Plaintiff's disability, in violation of the Rehabilitation Act of 1973 ("RHA"), 29 U.S.C. 791 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12201, *et seq.*

27. In deciding to medically disqualify Plaintiff from performing her duties as a CSO, Defendant maliciously and/or recklessly and/or with deliberate indifference violated the RHA and the ADA.

28. Plaintiff has been damaged by Defendants' violation of the RHA and/or the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, Plaintiff, MARY VERSETTO, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendants, LORETTA LYNCH, United States Attorney General, and/or UNITED STATES MARSHALS SERVICE and its/their agents/employees, as described herein, is/are in violation of the Rehabilitation Act of 1974, 29 U.S.C. 791 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq.* and requiring Defendants to reinstate the plaintiff to her former position as CSO with full seniority;

(b) Awarding Plaintiff all backpay and salaries, with interest, she lost and continues to lose as a result of Defendants' conduct;

 (c)  Awarding Plaintiff compensatory damages;

 (d)  Awarding Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. §794a and/or 42 U.S.C. §12205; and

 (e)  Awarding Plaintiff any other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

              Respectfully Submitted,

              s/Seth R. Halpern
              Seth R. Halpern
              Attorney for Plaintiffs

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 427-9600
Attorney #6198939