UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY VERSETTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 6314 |
| | ) |
| AKAL SECURITY, INC., LORETTA | ) Judge Tharp |
| LYNCH, United States Attorney General, | ) |
| and UNITED STATES MARSHALS | ) |
| SERVICE, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF THE DEFENDANT UNITED STATES ATTORNEY GENERAL

Defendant Loretta Lynch, United States Attorney General, by Zachary T. Fardon, United States Attorney for the Northern District of Illinois, for her answer to the amended complaint, states as follows:

### First Defense

The only proper defendant in a Rehabilitation Act case against a federal agency is the head of that agency, in this case, the United States Attorney General. Therefore, the United States Marshals Service should be dismissed.

### Second Defense

Plaintiff's ADA claims against the defendant United States Attorney General should be dismissed because the ADA specifically excludes federal employers from its purview. 42 U.S.C. § 12111(5)(B)(i)

### Third Defense

Answering the specific allegations of the complaint, the defendant United States Attorney General admits, denies, or otherwise avers as follows:

1. **Complaint:** Plaintiff, MARY VERSETTO (hereinafter "Plaintiff"), is a female citizen of the State of Illinois and a resident of the County of Cook, City of Chicago.

   **Response:** Admit.

2. **Complaint:** Defendant, AKAL SECURITY, INC. ("AKAL" or "Defendant"), is a foreign Corporation, registered and doing business in Chicago, Illinois, as a security subcontractor. Defendant, at all times relevant herein, was an employer within the meaning of 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(f).

   **Response:** Admit.

3. **Complaint:** Defendant, UNITED STATES MARSHALS SERVICE, is an agency of the United States Department of Justice under the purview of Defendant, LORETTA LYNCH, United States Attorney General, and for purposes of plaintiff's claim and at all times relevant herein, each was an employer within the meaning of 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(f) and pursuant to the Rehabilitation Act of 1973, 29 U.S.C. 791 *et seq.*

   **Response:** Defendant admits that the United States Marshals Service is a bureau of the United States Department of Justice under the purview of the Attorney General. Defendant denies that it was plaintiff's employer.

4. **Complaint:** This Court has jurisdiction of this case pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.* (hereinafter the "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. 791 et seq., and Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.*

   **Response:** Admit that the Rehabilitation Act and Title VII of the Civil Rights Act are the preemptive remedies and as such all other alleged jurisdictional bases must be dismissed. All other allegations are denied.

**5. Complaint:** This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claim arose in this judicial district.

**Response:** Admit that venue is proper in this district.

**6. Complaint:** Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on disability and gender with the EEOC on March 28, 2014, against AKAL. A copy of the Charge is attached hereto as Exhibit A.

**Response:** Admit only that plaintiff filed an administrative charge of discrimination against AKAL with the EEOC on March 28, 2014, a copy of which is attached to the amended complaint as Exhibit A. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 6; accordingly, they are denied.

**7. Complaint:** On or about April 27, 2015, the EEOC issued a Notice of Right to Sue which was received by Plaintiff through her counsel on April 30, 2015. A copy of the Notice of Right to Sue is attached hereto as Exhibit B.

**Response: Denied.** On or about , the EEOC issued its dismissal and notice of suit rights, a copy of which is attached to the amended complaint as Exhibit B. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7; accordingly, they are denied.

**8. Complaint:** Plaintiff has further complied with all administrative prerequisites by filing a timely EEO Charge of Discrimination based upon disability against the USMS. On March 15, 2016, the Complaint Adjudication Office for the U.S. Department of Justice issued a Final Agency Decision in favor of Plaintiff and against the USMS, which provides for the filing of the instant action against USMS within 90 days of receipt of said Final Agency Decision. Said decision is attached hereto as Exhibit C.

**Response:** Admit only that on or about March 15, 2016, a Final Agency Decision was issued in favor of plaintiff, a copy of which is attached to the amended complaint as Exhibit C. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8; accordingly, they are denied.

**9.  Complaint:** This action is brought within ninety days of receipt of the Notice of Right to Sue letter and within 90 days of receipt of the Final Agency Decision against the USMS.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9; accordingly, they are denied.

**10.  Complaint:** In early 2011, Defendant, AKAL, a court security subcontractor for the USMS, hired Plaintiff as a USMS Court Security Officer ("CSO") assigned to the Dirksen Federal Court building, 219 South Dearborn, Chicago, Illinois. At all times, Plaintiff performed her job in a satisfactory manner.

**Response:** Defendant admits the allegations contained in the first sentence of paragraph 10 of the complaint. Defendant lacks sufficient information and belief to admit or deny the allegations contained in the second sentence of paragraph 10 of the complaint; accordingly, they are denied.

**11.  Complaint:** In late 2010, Plaintiff underwent a physical exam required as part of the USMS hiring process for her hire and placement as a CSO in a federal facility. During this physical exam it was discovered that Plaintiff had permanent, complete hearing loss in her left ear since childhood. As a condition to pass the physical exam and as a condition of hire, USMS required that the Plaintiff obtain an appropriate hearing aid, which she did. She thereafter passed her hearing test with the new hearing aid and was subsequently hired. The hearing aid prescribed

for Plaintiff's condition was a two-piece hearing aid, where the aid in the affected ear transmitted real time signal (sound) to the receiver aid in the non-affected ear.

**Response:** Defendant admits that plaintiff underwent a medical examination in 2010 in order to be medically qualified as to work as a CSO under the contract between the Marshals Service and Akal. Defendant admits that during the medical disqualification process, the Marshals Service learned that plaintiff had significant hearing loss in her left ear. Defendant denies that it required the plaintiff to obtain a hearing aid. Defendant admits that plaintiff was medically qualified by Federal Occupational Health (FOH) in 2011. Defendant lacks sufficient information and belief to admit or deny the allegations contained in the last sentence of paragraph 11 of the complaint; accordingly, they are denied.

12. **Complaint:** In early 2010, the U.S. Marshals Service amended its contract with AKAL and adopted new hearing standards for security personnel. Those standards specifically state that Court Security Officers were no longer required to pass hearing exams unaided and further stated that complete loss of hearing in one ear is no longer an automatic disqualifying factor.

**Response:** Defendant admits the allegations contained in the first sentence of Paragraph 12. Defendant admits that the hearing standards adopted in 2010 permitted CSO to utilize hearing aids for functional hearing tests. Defendant further admits that individuals with complete hearing loss in one ear would require additional assessment.

13. **Complaint:** Complainant met all hearing requirements and passed all hearing tests with the use of her hearing aid at the time of her hire and subsequently in 2011 and 2012, continuing her employment as a CSO without incident.

**Response:** Defendant admits that FOH medically qualified the Plaintiff in 2011 and 2012. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13; accordingly, they are denied.

**14. Complaint:** However, on or about January 8, 2014, despite being able to pass her hearing test with her hearing aid engaged, and despite having no impairment when wearing her hearing aid, USMS medically disqualified the Plaintiff from performing the essential functions of a CSO due to her hearing loss and, consequently, Plaintiff was terminated by AKAL as an employee due to her single ear hearing loss disability.

**Response:** Defendant admits that plaintiff was medically disqualified as a CSO in January 2014. Defendant denies the remaining allegations contained in paragraph 14 of the amended complaint.

**15. Complaint:** Prior to her termination, in 2013, Plaintiff was forced by USMS (Judicial Security Division) to take her annual hearing test while occluding one ear, which knowingly renders her two-piece hearing aid ineffective. This method of testing Plaintiff's hearing was different than the method used for her tests during the prior three exams. However, the hearing levels required to pass the USMS physical were not changed. Nevertheless, because she was required to artificially occlude one ear during testing, Plaintiff did not pass her 2013 hearing test.

**Response:** Defendant admits that in 2013 FOH requested plaintiff provide aided functional hearing test results for each ear (with the non-tested ear occluded) as part of her annual medical qualification as a CSO. Defendant admits that this testing protocol was a change from the protocol for prior years and the required test results were not changed. Defendant admits that plaintiff did not meet the required hearing test results to be medically qualified.

**16. Complaint:** Following Plaintiff's failure under the new testing protocol, on or about September 12, 2013, Wynette Moneka, M.A., the audiologist who tested Plaintiff, had a telephone conversation with the USMS through the medical officer, Dr. Goldhagen, explaining the operation of the two-piece CROS-style hearing aid insofar as it transmits signals from the deficient ear to the fully functional ear. Ms. Moneka further explained that utilizing USMS's new protocol would require occluding each ear, rendering the hearing aid inoperable, defeating the purpose of testing the complainant "aided", as required by Federal guidelines.

**Response:** Defendant admits that Ms. Moneka had a telephone conversation on or about September 12, 2013 concerning plaintiff's test results and whether Ms. Moneka has performed them in accordance with the required protocol. Defendant admits that Ms. Moneka discussed the operation of the plaintiff's CROS-style hearing aid and the testing protocol which required that one ear be occluded. Defendant denies the remaining allegations contained in paragraph 16 of the amended complaint.

**17. Complaint:** Ms. Moneka then followed with a letter to USMS in which she explained that complainant "would not miss any sounds coming from the poorer side" and passed all criteria with her hearing aids engaged.

**Response:** Defendant admits that Ms. Moneka provided the report dated October 14, 2013.

**18. Complaint:** Ms. Moneka once again contacted Dr. Goldhagen, in an attempt to seek a reasonable accommodation for Plaintiff. Plaintiff, herself, also spoke to Dr. Goldhagen in an attempt to explain that she was not hearing handicapped. Ms. Moneka, in her prior letter, stated that she had "professional objection" to the actions of USMS regarding Plaintiff and that Plaintiff is not hearing handicapped unless USMS creates an artificial situation to give her a complete

hearing loss. Nevertheless, Dr. Goldhagen and USMS refused to budge, did not entertain any discussion of reasonable accommodation in testing, and simply required that Plaintiff be removed from full duty status.

**Response:** Defendant admits that Ms. Moneka spoke again by phone to Dr. Goldhagen. Defendant further admits that plaintiff spoke to Dr. Goldhagen about plaintiff's hearing. Defendant admits that plaintiff was medically disqualified as a CSO. Defendant denies remaining allegations contained in paragraph 18 of the amended complaint.

**19. Complaint:** In a letter forwarded to USMS and dated December 4, 2013, Ms. Moneka tried one more time to secure a reasonable accommodation for Plaintiff. In her letter, she noted that the new testing protocol does not allow Ms. Versetto and others like her to truly undergo an "aided evaluation" as required.

**Response:** Admit, and further aver that Ms. Moneka's letter also stated that plaintiff was not "hearing impaired."

**20. Complaint:** In February 2014, by and through her attorney, Plaintiff once again requested a reasonable accommodation of USMS and AKAL, whereby she would re-take the hearing test, with her hearing aid engaged, but without occluding individual ears.

**Response:** Admit.

**21. Complaint:** Shortly thereafter, Plaintiff even underwent testing with her hearing aid engaged on her own and at her own expense, passing the hearing criteria for a CSO and providing the results to USMS.

**Response:** Defendant admits that the Marshals Service received documentation of audiological evaluation report by Ms. Moneka dated April 14, 2014 of the plaintiff's hearing.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 21; accordingly, they are denied.

**22. Complaint:** Astonishingly, each and every one of the overtures made by Plaintiff or on her behalf, were completely ignored and discounted. Neither the USMS nor AKAL even so much as entertained the possibility of creating or allowing testing which would permit Plaintiff's hearing aid to function properly. No attempt was made to engage in the "interactive process" to determine what accommodation could be made for Plaintiff.

**Response:** Defendant denies the allegations contained in paragraph 22 of the amended complaint.

**23. Complaint:** The actions of the USMS and AKAL show that defendants acted with discriminatory intent toward Plaintiff and, at a minimum, acted with deliberate indifference toward the strong likelihood that continuing to bar Plaintiff from working as a CSO with her hearing aid engaged and continuing to require that she take her hearing test without allowing her hearing aid to function, would violate her federally protected rights under the ADA.

**Response:** Defendant denies the allegations contained in paragraph 23 of the amended complaint.

**24. Complaint:** Several other similarly situated male hearing impaired CSO's who did not wear the same style hearing aids as Plaintiff were permitted to utilize their one-piece hearing aids during annual physical examinations and were allowed to pass said examinations using said hearing aids and continue their employment with Defendant.

**Response:** Defendant denies the allegations contained in paragraph 23 of the amended complaint.

### Count I – ADA – Failure to Accommodate – AKAL

**1-24. Complaint:** Plaintiff repeats and re-alleges paragraphs 1-24, above, as paragraphs 1-24 of Count I, as though fully re-written, herein.

**Response:** For its answer to Count I, paragraphs 1–24, defendant United States Attorney General incorporates by reference her responses to paragraphs 1-24 of the amended complaint, as though fully set forth herein.

**25. Complaint:** Beginning in April of 2013 and continuing, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, et seq., Defendant failed to provide Plaintiff her requested reasonable accommodation for her known, particular, disability: single ear hearing impairment/loss.

**Response:** As the allegations of paragraphs 25-27 of Count I of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**26. Complaint:** In ignoring Plaintiff's requests for a reasonable accommodation, Defendant maliciously and/or recklessly and/or with deliberate indifference, violated the ADA.

**Response:** As the allegations of paragraphs 25-27 of Count I of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**27. Complaint:** Plaintiff has been damaged by Defendant's violation of the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

**Response:** As the allegations of paragraphs 25-27 of Count I of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

### COUNT II - ADA-Wrongful Discharge-AKAL

**1-24. Complaint:** Plaintiff repeats and re-alleges paragraphs 1-24 of the Complaint as paragraphs 1- 24 of Count II, as though fully re-written, herein.

**Response:** For its answer to Count II, paragraphs 1–24, defendant Attorney General incorporates by reference her responses to paragraphs 1-24 of the amended complaint, as though fully set forth herein.

**25. Complaint:** On January 8, 2014, Defendant terminated Plaintiff's employment because of her actual or perceived disability, single ear hearing impairment/loss, even though Plaintiff was qualified and capable of performing all essential duties and functions of a CSO, while wearing her two-piece hearing aid, and despite her disability.

**Response:** As the allegations of paragraph 25-28 of Count II of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**26. Complaint:** Plaintiff was discriminated against by Defendants due to her disability and/or due to Defendants' perception of Plaintiff's disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12201, *et seq*.

**Response:** As the allegations of paragraph 25-28 of Count II of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**27. Complaint:** In deciding to terminate Plaintiff's employment, Defendant maliciously and/or recklessly and/or with deliberate indifference violated the ADA.

**Response:** As the allegations of paragraph 25-28 of Count II of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**28. Complaint:** Plaintiff has been damaged by Defendants' violation of the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

**Response:** As the allegations of paragraph 25-28 of Count II of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

## Count III - Title VII-Gender Discrimination-AKAL

**1-24. Complaint:** Plaintiff repeats and re-alleges paragraphs 1-24 of the Complaint as paragraphs 1- 24 of Count III, as though fully re-written, herein.

**Response:** For its answer to Count III, paragraphs 1–24, defendant United States Attorney General incorporates by reference her responses to paragraphs 1-24 of the amended complaint, as though fully set forth herein.

**25. Complaint:** Defendant allowed multiple similarly situated male CSO's who use hearing aids to take their hearing tests with their hearing aids engaged, while Plaintiff, a female, was forced to take her hearing test unaided.

**Response:** As the allegations of paragraph 25-29 of Count III of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**26. Complaint:** Defendant discriminated against Plaintiff on the basis of her gender, including her termination.

**Response:** As the allegations of paragraph 25-29 of Count III of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**27. Complaint:** The foregoing adverse employment actions taken on the basis of Plaintiff's gender constitute impermissible employment practices in violation of Title VII.

**Response:** As the allegations of paragraph 25-29 of Count III of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**28. Complaint:** As a result of Defendant's willful, malicious and unlawful employment practices described herein, Plaintiff experienced, and since January 8, 2014, continues to experience, lost wages and benefits and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

**Response:** As the allegations of paragraph 25-29 of Count III of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

**29. Complaint:** By reason of Defendant's unlawful employment practices, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

**Response:** As the allegations of paragraph 25-29 of Count III of the amended complaint are solely addressed to Akal, no response from the defendant United States Attorney General is necessary; to the extent that a response is required, they are denied.

### Count IV- ADA-Failure to Accommodate – USMS

**1-24. Complaint:** Plaintiff repeats and re-alleges paragraphs 1-24, above, as paragraphs 1-24 of Count IV, as though fully re-written, herein.

**Response:** For its answer to Count IV, paragraphs 1–24, defendant Attorney General incorporates by reference her responses to paragraphs 1-24 of the amended complaint, as though fully set forth herein.

**25. Complaint:** Beginning in April of 2013 and continuing, in violation of the Rehabilitation Act of 1973 ("RHA"), 29 U.S.C. 791 *et seq*. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, *et seq.*, Defendants, USMS, failed to provide Plaintiff her requested reasonable accommodation for her known, particular, disability: single ear hearing impairment/loss.

**Response:** Denied.

**26. Complaint:** In ignoring Plaintiff's requests for a reasonable accommodation, Defendant maliciously and/or recklessly and/or with deliberate indifference violated the RHA and/or the ADA.

**Response:** Denied.

**27. Complaint:** Plaintiff has been damaged by Defendant's violation of the RHA and the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

**Response:** Denied.

### Count V-ADA-Wrongful Discharge-USMS

**1-24. Complaint:** Plaintiff repeats and re-alleges paragraphs 1-24 of the Complaint as paragraphs 1- 24 of Count V, as though fully re-written, herein.

**Response:** For its answer to Count IV, paragraphs 1–24, defendant Attorney General incorporates by reference her responses to paragraphs 1-24 of the amended complaint, as though fully set forth herein.

**25. Complaint:** On January 8, 2014, Defendants caused termination of Plaintiff's employment because of her actual or perceived disability, single ear hearing impairment/loss, by declaring her physically unfit to perform her duties, even though Plaintiff was qualified and capable of performing all essential duties and functions of a CSO, while wearing her two-piece hearing aid, and despite her disability.

**Response:** Denied.

**26. Complaint:** Plaintiff was discriminated against by Defendants due to her disability and/or due to Defendants' perception of Plaintiff's disability, in violation of the Rehabilitation Act of 1973 ("RHA"), 29 U.S.C. 791 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12201, *et seq.*

**Response:** Denied.

**27. Complaint:** In deciding to medically disqualify Plaintiff from performing her duties as a CSO, Defendant maliciously and/or recklessly and/or with deliberate indifference violated the RHA and the ADA.

**Response:** Denied.

**28.** **Complaint:** Plaintiff has been damaged by Defendants' violation of the RHA and/or the ADA inasmuch as she has lost pay and benefits since January 8, 2014, and has suffered and continues to suffer loss of employment, wages, benefits and other compensation, as well as emotional distress, embarrassment, humiliation and mental anguish.

**Response:** Denied.

WHEREFORE, defendant United States Attorney General requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Ernest Y. Ling
    ERNEST Y. LING
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5870
    ernest.ling@usdoj.gov